MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ROGER DINH (NYBN 4979274)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Roger.Dinh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 09-CR-01063 CW |
| )  Plaintiff, ) | **ORDER TO DETAINING DEFENDANT SHELDON DEWAYNE JACKSON** |
| v. ) | |
| SHELDON DEWAYNE JACKSON, ) | Date: October 31, 2014 |
| )  Defendant. ) | Time: 9:30 a.m. |
| ) | Court: Hon. Kandis A. Westmore |

Defendant Sheldon Dewayne Jackson is charged in a petition with violating the conditions of his supervised release. The defendant first appeared on the petition on October 31, 2014, pursuant to an arrest warrant.

At his initial appearance regarding the revocation of supervised release, the United States requested that the defendant be detained, pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). Following consideration of the Presentence Investigation report, the petition filed in this case, and the proffers by both parties and the United States Probation Officer, the Court ordered the defendant detained, finding the defendant had not met his burden of showing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to

[PROPOSED] DETENTION ORDER
NO. CR-09-01063 CW

the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). The Court noted that there were no condition or combination of conditions in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. In particular, the Court noted the defendant's continual disregard for the conditions of his supervised release by absconding from the residential reentry center where he was ordered to remain for a period of five months pursuant to the order signed by the Honorable Claudia Wilken on August 28, 2014, modifying the conditions of his supervised release.

Moreover, this is Defendant's fourth Form 12. Prior Forms 12 involved Defendant being arrested for committing another crime, including domestic violence, testing positive for methamphetamines and marijuana, and being unsuccessfully discharged from inpatient drug treatment programs. Defendant's proposal that the court release him to reside with his girlfriend is unacceptable because his girlfriend was the victim in his earlier domestic violence matter.

Defendant is ordered detained as the defendant had not met its burden of showing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). Further, no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

Dated: November 17, 2014

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
NO. CR-09-01063 CW